UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 3502 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant City of Chicago ("the City") to dismiss the complaint of Plaintiff Luis Calderon for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted and the complaint is dismissed without prejudice.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for the purposes of this motion, Calderon was involved in a traffic accident on January 2, 2006. He sustained injuries to his head, hand, elbow, and leg. When Chicago police officers and fire department personnel arrived on the scene, Calderon was sitting in the passenger seat of his car, with the engine turned off. An officer pulled Calderon out

of the car. Twice Calderon fell onto the ground and twice the officer picked him up by his shirt. He had difficulty seeing and walking.

The police transported Calderon to the police station rather than taking him directly to a hospital. He remained at the station for several hours. At some point thereafter, he went to a doctor and underwent diagnostic imaging as well as surgery on his hand.

In June, Calderon sued the City only under 42 U.S.C. § 1983, alleging that the City deprived him of his Eight and Fourteenth Amendment rights under the United States Constitution by acting with deliberate indifference to his health and well-being while he was in police custody. The City has moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6).

## **LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski, 998 F.2d at

461. A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). With these principles in mind, we examine the motion before us.

### DISCUSSION

Calderon's complaint finds its foundation in 42 U.S.C. § 1983. Every § 1983 action must contain at least two elements. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981). First, the conduct complained of must be committed by a person acting under color of state law. See id. Second, the conduct must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See id. For claims against a municipality, however, a plaintiff cannot stop with just those two allegations. See Monell v. Department of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 2038–39 (1978). To state a claim against a municipal entity, a complaint must allege that the conduct leading to the injury resulted from enforcement of an express policy, an instance of a widespread practice that is so permanent and pervasive that it takes on the force of law, or an action of a person with final policymaking authority for the municipality. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915, 926 (1988) (plurality opinion); Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S. Ct. 1292, 1300 (1986) (plurality opinion); Monell, 436 U.S. at 690, 98 S. Ct. at 2035. In other words, the

governmental entity itself must be a "moving force" for the alleged injury before liability can attach; otherwise it cannot be fairly said that the injurious acts are truly those of the municipality. See, e.g., Bd. of County Comm'r of Bryan County, Okla. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997).

It is well settled that a § 1983 complaint, whether directed toward an individual or a municipality, is not subject to a heightened standard of factual specificity. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 165, 170, 113 S. Ct. 1160, 1163 (1993). However, even under the Leatherman standard, a § 1983 claim against a municipality must still put the municipality on notice of the nature of the claim. McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000). As the court noted in McCormick, factual detail is not needed to satisfy this standard; legal conclusions can suffice. See id.

In the present case, Calderon's complaint cites no express policy or permanent, pervasive practice of the City to ignore medical needs of arrestees. It contains only a description of the events of January 2, 2006, without any hint at policies or customs outside of that incident. Nor does Calderon claim that the officers involved are final policymakers for the City. See Pembaur, 475 U.S. at 483, 106 S. Ct. at 1300; Duda v. Bd. of Educ. of Franklin Park Publ. Sch. Dist., 133 F.3d 1054, 1061 (7th Cir. 1998). Without involvement of such an official, a single incident of unconstitutional activity by a government employee is insufficient to show an unofficial policy that could give

rise to municipal liability under § 1983. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985).

The complaint alleges that the City is responsible for Calderon's injury because it acted in an unconstitutional manner through its agents on a single occasion. That is a classic claim of *respondeat superior*, which is insufficient to place liability on a municipality. See Monell, 436 U.S. at 690, 98 S. Ct. at 2035; Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985). Because the contents of the complaint are insufficient to put the City on notice of a cognizable claim against it, dismissal is appropriate under Rule 12(b)(6).

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss the complaint is granted, without prejudice. If Calderon does not file an amended complaint stating a cognizable claim, consistent with his obligations under Fed. R. Civ. P. 11, by December 1, 2006, prejudice will attach to the dismissal.

Charles P. Kocoras
United States District Judge

Dated: October 27, 2006